**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-1119**

───────────

HAYAT IBRAHIM TUKUYE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-281-725)

───────────

Submitted: June 27, 2007          Decided: July 30, 2007

───────────

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Alan M. Parra, LAW OFFICE OF ALAN M. PARRA, ESQUIRE, Bethesda, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Robert E. Maher, Jr., UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hayat Ibrahim Tukuye, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the immigration judge's decision, which denied her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In her petition for review, Tukuye first argues that the Board erred in finding that she failed to establish by clear and convincing evidence that she filed her asylum application within one year of her arrival in the United States. We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000), even in light of the passage of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. See Almuhtaseb v. Gonzales, 453 F.3d 743, 747-48 (6th Cir. 2006) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Tukuye's asylum claim.

Tukuye also contends that the Board and immigration judge erred in denying her request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that [s]he faces a clear probability of persecution because of h[er] race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that Tukuye failed to

make the requisite showing before the immigration court. We therefore uphold the denial of her request for withholding of removal.

We also find that substantial evidence supports the finding that Tukuye failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). We find that Tukuye failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>